IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| KEVIAS JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN TREVONZA BOBBITT, et al.,<br><br>Defendants. | CIVIL ACTION NO.: 6:23-cv-12 |

# ORDER

The Magistrate Judge issued a Report and Recommendation that the Court dismiss portions of Plaintiff's Second Amended Complaint. Doc. 33. Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation on November 13, 2024. Doc. 35. For the following reasons, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DISMISSES** the following portions of Plaintiff's Second Amended Complaint: all claims against Defendants Bobbitt, Fales, Moye, Odum, Cooper, Jones, Petty, Law, Winchell, Johnson, Granch, Barber, Ward, Turner, Riley, and Oliver. Plaintiff's claims for deliberate indifference to a medical need asserted against Defendants Cheney, Hernandez, Murray, Bowen, and White remain pending. Doc. 34.

To resolve Plaintiff's current Objections, it is necessary to review some of the Court's prior rulings. On October 16, 2023, the Magistrate Judge recommended dismissing Plaintiff's claims against Defendants Shuemaker, Majette, Johnson, Fales, Law, Winchell, Granch, Martin, C. Jones, Cooper, Thomas, Riley, Barber, Y. Jones, Bobbitt, and White because the claims were barred by

the statute of limitations. Doc. 10. In that Report and Recommendation, the Magistrate Judge addressed Plaintiff's arguments for tolling and determined there was no basis for tolling. Id. at 7. Plaintiff did not file any objections. The Court adopted the Report and Recommendation as the opinion of the Court on November 13, 2023. Doc. 14. The Court also issued an Order dismissing Plaintiff's claims against Defendant Moye. Doc. 16.

Plaintiff then filed a motion to amend his Complaint. Doc. 22. The Magistrate Judge granted Plaintiff's motion but rejected Plaintiff's proposed Amended Complaint. Doc. 30. Plaintiff's proposed Amended Complaint included claims against various Defendants related to medical treatment that Plaintiff received between July 7, 2019 and November 27, 2019. These claims were barred by the two-year statute of limitations. The Magistrate Judge ordered Plaintiff to submit a Second Amended Complaint and instructed him to not assert any claims the Court previously dismissed because they were barred by the statute of limitations. Id. at 4. Specifically, the Magistrate Judge instructed Plaintiff to not assert any claims based on the 2019 medical treatment that the Court had already dismissed as time barred. The Magistrate Judge allowed Plaintiff to include additional claims against Defendant Amanda Petty and Defendant White related to the pending deliberate indifference claims against Defendants Cheney, Hernandez, Murray, and Bowen for treatment between June 2021 and April 18, 2022. Id.

In his Second Amended Complaint, Plaintiff again asserted claims related to the 2019 treatment (against Defendants Bobbitt, Fales, Moye, Cooper, Jones, Law, Winchell, Johnson, Granch, Barber, and Riley) that had already been dismissed on statute of limitations grounds. On October 30, 2024, the Magistrate Judge conducted frivolity screening of Plaintiff's Second Amended Complaint. Doc. 33. The Magistrate Judge recommends the Court dismiss the claims in the Second Amended Complaint related to the 2019 treatment. The Magistrate Judge also

2

recommends dismissal of Plaintiff's claims against Defendants Odum, Turner, Ward, Petty, and Oliver because the claims occurred after Plaintiff filed his initial Complaint and the claims are not related to the claims Plaintiff had been allowed to pursue. Id. at 6–7. The Magistrate Judge directed service of claims for deliberate indifference to a medical need asserted against Defendants Cheney, Hernandez, Murray, Bowen, and White. Doc. 34. Plaintiff now makes several objections to the Magistrate Judge's October 30, 2024 Report and Recommendation. Doc. 35.

## I. Plaintiff's Fraud Allegations Do Not Toll the Statute of Limitations

Regarding the time-barred claims, Plaintiff argues the Magistrate Judge "fail[ed] to make contentions and arguments and claims" related to the tolling provision. Doc. 35 at 1–2. Plaintiff also contends that Defendants "acted in a conspiracy to commit a federal offense of fraud and forgery by false documenting medical reports and forging doctor signatures" and this should toll the statute of limitations. Plaintiff further argues that there is a basis for tolling the statute of limitations because Plaintiff alleged a tort arising from a crime. Id. at 3. Plaintiff contends his deliberate indifference claims against Defendants Bobbitt, Johnson, Riley, Jones, Winchell, Law, Cooper, Barber, Granch, Odum, Petty, Ward, and Turner should not be dismissed. Id. at 7. Plaintiff argues all Defendants were part of a conspiracy to cover up his injuries, which involved fraud and forgery.[1] Plaintiff argues he is irreparably harmed because the Magistrate Judge ordered Plaintiff to not make references to claims against Defendants Bobbitt, Cooper, Jones, Law, Winchell, Johnson, Granch, Barber, and Riley. Id. at 8.

---

[1] The Magistrate Judge recommended dismissing claims against Defendants Odum, Turner, Ward, and Petty because the alleged incidents involving these Defendants occurred over a full year after the treatment that is the subject of Plaintiff's deliberate indifference claims. These incidents also occurred after Plaintiff filed his original Complaint in February 2023. Plaintiff makes no arguments showing these incidents are related and fails to explain why the Court should allow claims based on incidents that occurred after Plaintiff filed his Complaint to proceed. Therefore, the tolling analysis does not apply to claims against Defendants Odum, Turner, Ward, and Petty.

3

Under O.C.G.A. § 9-3-36, the fraud-based tolling statue, "if the defendant is guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Antley v. Small, 859 S.E.2d 881, 887 (Ga. Ct. App. 2021). To toll the statute of limitation under this statute, Plaintiff must show: "(1) a defendant committed actual fraud; (2) the fraud concealed the cause of action from the plaintiff; and (3) the plaintiff exercised reasonable diligence to discover the cause of action despite his failure to do so within the statute of limitation." Id. Establishing fraud requires a showing of either actual fraud involving moral turpitude or a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence. Doe v. Saint Joseph's Cath. Church, 870 S.E.2d 365, 371 (Ga. 2022).

In his Second Amended Complaint and accompanying declaration, Plaintiff alleges a broad conspiracy involving fraud and forgery to cover up prison guards' improper use of excessive force against inmates. Plaintiff alleges that starting in 2019, he sought medical treatment for an injured right hand. Despite multiple visits with different medical personnel, Plaintiff alleges Defendants falsified medical documents to show that Plaintiff did not sustain an injury or that his injury had been properly treated. Plaintiff alleges Defendants committed medical fraud by creating false documents to corroborate false incident reports, showing Plaintiff suffered no injuries. Doc. 32 at 4. Plaintiff states any prisoner grievance alleging excessive force gets forwarded to the Criminal Investigation Division and Defendants were able to avoid further investigation by falsifying medical documents and incident reports showing Plaintiff was not injured. Id. at 5–6. Over the years, Plaintiff continued filing medical grievances to receive treatment and Defendants continued falsifying documents saying nothing was wrong with Plaintiff's hand, all to cover up multiple

excessive force incidents. Plaintiff alleges this was done to prevent him from reporting incidents and to shield Defendants from investigations. Id. at 10–11.

The tolling statute requires a plaintiff to not only show that a defendant committed an actual fraud but that the defendant prevented the plaintiff from pursuing a cause of action. Plaintiff has not shown the fraud concealed the cause of action from Plaintiff. Plaintiff had an injured hand and sought treatment for his hand several times. By Plaintiff's own admission, he filed medical grievances for treatment over the course of several years. Plaintiff asserts he was not receiving adequate medical treatment. Plaintiff had first-hand knowledge that he was not receiving medical treatment during this time, regardless of any medical records stating that he was not injured. In other words, the supposedly false medical records did not prevent Plaintiff from knowing about or pursuing his claims. Plaintiff was aware of the factual basis for his claims at the time he received (or did not receive) medical treatment. This was sufficient to put Plaintiff on notice of his cause of action. See Antley, 859 S.E.2d at 890 ("We have held that knowledge of a 'potential problem,' that 'something was amiss,' and facts which 'should have raised a red flag' are sufficient to begin the running of the statute of limitation as it put a claimant on notice of his cause of action."). Plaintiff's allegations—if taken as true—do not demonstrate that he was unable to pursue his claims. The Court **OVERRULES** Plaintiff's Objection.

II. **Plaintiff's Medical Malpractice Claim Is Barred by the Statute of Limitations**

Plaintiff makes additional arguments for tolling the statute of limitations based on a claim for medical malpractice. Plaintiff contends the statute of limitations should be tolled under O.C.G.A. § 9-3-97.1. Plaintiff also contends the Magistrate Judge failed to acknowledge Plaintiff's medical malpractice claim. Doc. 35 at 2. Plaintiff contends he asserted a medical malpractice claim when he alleged Defendants falsely documented diagnoses while conducting

5

multiple x-rays over several years. Plaintiff lists several different x-rays, an MRI, and an EMG neurology test conducted by different named Defendants between October 19, 2019 and July 21, 2023. Id.

In order for Plaintiff to receive the benefit of the tolling statute, Plaintiff must have filed a proper medical malpractice action. The Court will determine whether Plaintiff properly asserted a medical malpractice claim. Georgia law requires proof of three essential elements to establish liability in a medical malpractice action: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Tomeh v. Bohannon, 765 S.E.2d 743, 746 (Ga. Ct. App. 2014).

Plaintiff did not assert a medical malpractice claim in his Second Amended Complaint. In Plaintiff's Second Amended Complaint, he listed all of his legal claims. See Doc. 31 at 12. Each claim identified in Plaintiff's Second Amended Complaint is expressly for deliberate indifference to a serious medical need. Id. Even after reviewing Plaintiff's factual allegations, Plaintiff has only alleged that Defendants falsely documented information from his x-rays, leading to a delay in treatment for his injuries. For example, Plaintiff alleged Defendants falsely documented the diagnosis on his October 24, 2019 x-ray so it would be consistent with the incident report from October 19, 2019. Doc. 31 at 8. Plaintiff's factual allegations align with his stated legal claims for deliberate indifference and overall conspiracy to commit fraud. The only time Plaintiff mentions the words "medical malpractice" in the Second Amended Complaint is in reference to the tolling statutes to show the claim is not barred by the statute of limitations. Id. at 7. Therefore, the Magistrate Judge did not commit error by failing to recognize a medical malpractice claim because Plaintiff did not assert one.

Even if Plaintiff's Complaint could be liberally construed to state a medical malpractice claim, that claim would be time barred. Plaintiff's claim could, possibly, be construed as a claim for misdiagnosis by falsely documenting x-rays, which, in turn, resulted in a delay in treatment for Plaintiff's hand injury. See Stafford-Fox v. Jenkins, 639 S.E.2d 610, 613 (Ga. Ct. App. 2006) (stating the plaintiff suffered an injury under the medical malpractice statute arising out of the misdiagnosis when she was first seen by the medical provider and the medical provider failed to make the diagnosis and provide treatment). Under O.C.G.A. § 9-3-71(a), "an action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." Plaintiff states he was first seen by a medical provider for an x-ray and received a false diagnosis in October 2019. Plaintiff did not file this action until February 13, 2023. Doc. 1. Plaintiff's Complaint was filed well beyond two years after his injury. Plaintiff's medical malpractice claim is barred by the statute of limitations.

Georgia Code Section 9-3-97.1 allows for tolling the statute of limitations for actions brought for medical malpractice under O.C.G.A. §§ 9-3-71 and 9-3-72. The statute allows for tolling if an injured person properly requests medical records for possible use in a medical malpractice action based on the outlined requirements. Nothing indicates Plaintiff requested medical records from any Defendants in order to toll the statute of limitations. Plaintiff does not make this assertion anywhere in his Second Amended Complaint. Giving Plaintiff the full benefit of the doubt, I now determine whether Plaintiff has any other basis for tolling a medical malpractice action.

"In a medical malpractice action for misdiagnosis, the fraud that plaintiff must show to toll the statute of limitation is an intentional failure to reveal negligence." Charter Peachford Behav. Health Sys. v. Kohout, 504 S.E.2d 514, 523 (Ga. Ct. App. 1998). "[I]f the alleged fraud did not

7

prevent the plaintiff from learning of defendant's negligence, then the statute is not tolled." Id. "The law is well established that in most misdiagnosis cases, the injury begins immediately upon the misdiagnosis; the misdiagnosis itself is the injury and not the subsequent discovery of the proper diagnosis." Goodman v. Satilla Health Servs., Inc., 658 S.E.2d 792, 795 (Ga. Ct. App. 2008).

In this case, Plaintiff has not shown he was prevented from learning of Defendants' negligence. Plaintiff knew his hand was injured and that he did not receive the proper treatment as soon as he first presented his injury to Defendants in 2019. Plaintiff alleges Defendants falsely documented his diagnosis (or lack thereof) while conducting multiple x-rays over several years. Plaintiff knew of his diagnosis after his first appointment and first x-ray and knew he was receiving treatment based upon this diagnosis. Plaintiff has not identified any fraud that would support tolling the statute of limitations for this medical malpractice claim. See Charter Peachford, 504 S.E.2d at 523 (finding there was no tolling of the statute of limitations because plaintiff knew the diagnosis she was being treated on and chose to believe and allow treatment). Therefore, even if Plaintiff had asserted a valid medical malpractice claim—which he did not—the claim would be barred by the statute of limitations and there is no basis for tolling the limitations period. The Court **OVERRULES** Plaintiff's Objection.

### III.  Plaintiff's Claims Against Defendant Oliver Are Dismissed

Plaintiff also objects to the Magistrate Judge's recommendation for the Court to dismiss Plaintiff's claims against Defendant Oliver. The Magistrate Judge recommended dismissal of the claims against Defendant Oliver because Plaintiff failed to plausibly allege that Defendant Oliver was involved in a scheme to falsify Plaintiff's medical records. Plaintiff objects, arguing he

alleged a "causal connection" between Defendant Oliver and the medical forgery scheme. Doc. 35 at 6.

Plaintiff's Objection lacks merit. Plaintiff does not allege that Defendant Oliver was personally involved in any alleged scheme. Plaintiff only alleges that Defendant Oliver was the Commissioner of the Georgia Department of Corrections and, therefore, oversaw and supervised the alleged scheme. As the Magistrate Judge explained, such allegations are insufficient. Additionally, Plaintiff has not alleged any history of widespread abuse or an improper custom or policy that would expose Defendant Oliver to supervisory liability. Therefore, Plaintiff's claims against Defendant Oliver are dismissed. The Court **OVERRULES** Plaintiff's Objection.

### IV.    The Court Was Not Required to Conduct a Preliminary Injunction Hearing

Lastly, Plaintiff contends the Magistrate Judge erred by failing to set a hearing for Plaintiff's preliminary injunction. Id. at 9. The Court is not required to hold a hearing on every request for a preliminary injunction. See Bruce v. Reese, 431 F. App'x 805, 806 (11th Cir. 2011) ("A district court does not always have to hold a hearing on a motion for a preliminary injunction." (citing McDonald's Corp. v. Robertson, 147 F.3d 1301, 1311 (11th Cir. 1998))). Plaintiff requested relief in the form of a preliminary injunction ordering investigation of the medical fraud and forgery documentation. Doc. 31 at 13. Since I am ordering service of Plaintiff's medical fraud conspiracy claim, and Plaintiff will have an opportunity to conduct discovery on that claim, there is no need to conduct a hearing at this time.

### CONCLUSION

Thus, after an independent and de novo review, I **OVERRULE** Plaintiff's Objections and **ADOPT** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of this Court. The Court **DISMISSES** the following portions of Plaintiff's Second

Amended Complaint: all claims against Defendants Bobbitt, Fales, Moye, Odum, Cooper, Jones, Petty, Law, Winchell, Johnson, Granch, Barber, Ward, Turner, Riley, and Oliver. Plaintiff's claims for deliberate indifference to a medical need asserted against Defendants Cheney, Hernandez, Murray, Bowen, and White remain pending. Doc. 34.

**SO ORDERED**, this 30th day of July, 2025.

_____
J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA